UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| PACIFIC LANDSCAPE MANAGEMENT, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC LANDSCAPE MANAGEMENT, LLC, an Oregon limited liability company,<br><br>Defendant. | NO.<br><br>COMPLAINT<br><br>JURY DEMAND |

Pacific Landscape Management, Inc. (**PLM–WA**), alleges for its Complaint against Pacific Landscape Management, LLC (**PLM–OR**), as follows:

## NATURE OF ACTION

1. PLM–WA has used its PACIFIC LANDSCAPE MANAGEMENT name and trademarks in the Puget Sound region and other Washington counties in connection with landscaping services since November 9, 1994. PLM–OR began using PACIFIC LANDSCAPE MANAGEMENT as a trademark in Oregon in connection with landscaping services in 2001. In 2022, PLM–OR began doing business in the Puget Sound region using the PACIFIC LANDSCAPE MANAGEMENT and PACIFIC LANDSCAPE MAINTENANCE names and marks. In this lawsuit, PLM–WA seeks an injunction enjoining PLM–OR from continuing to use confusingly similar names and

COMPLAINT
CASE NO.

Page 1

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

1 trademarks to promote its functionally identical landscaping services in the Washington counties where PLM–WA has superior trademark rights.

2. PLM-WA also asks the Court to cancel four Washington State trademark registrations PLM-OR procured through fraud. In short, PLM-OR falsely represented to the State of Washington under penalty of perjury that it is the only trademark owner entitled to register PACIFIC LANDSCAPE MANAGEMENT and PACIFIC LANDSCAPE MAINTENANCE word marks and logos as trademarks in Washington when it knew PLM-WA not only owned identical or confusingly similar trademarks, but for years had superior rights in those marks.

3. PLM-WA further seeks damages for the harm PLM-OR's trademark infringement, trade name infringement, and fraud have caused.

4. Lastly, PLM-WA seeks an award of the costs and attorney's fees it incurs to enforce its trademark rights.

**PARTIES**

5. Plaintiff PLM–WA is a Washington corporation. Its principal place of business is in Snohomish County, Washington. PLM–WA provides a wide variety of landscaping products and services in western Washington, including King, Pierce, Snohomish, Thurston, Skagit, Island, Kitsap, Whatcom, Kittitas, and Chelan Counties (**PLM-WA's Region**). Its website address is *https://www.paclandman.com/*.

6. Defendant PLM–OR is an Oregon limited liability company. Its principal place of business is Hillsboro, Oregon. PLM–OR provides various landscaping products and services in Oregon and Washington, including in Clark, King, Pierce, Snohomish, Kitsap, and Thurston Counties. Its website ( *https://www.pacscape.com/*) states it has branches in Mukilteo (serving "the north Puget Sound region including Mukilteo, Everett, Lynnwood, Woodinville, Bothell and downtown Seattle"); Issaquah (serving "the east suburban region including Issaquah, Redmond, Bellevue, Kirkland, Renton, Tukwila and the Kent valley"); Tacoma (serving "the South Puget Sound

region including Tacoma, Fife, Lakewood, Dupont, Puyallup, Sumner, and Olympia"); and Silverdale (serving "the peninsula region including Silverdale, Gig Harbor, Silverdale, Bremerton, Port Orchard, and Poulsbo").

7.  PLM- OR's website states it does business as "Pacific Landscape Maintenance in [the] Puget Sound Region." But in fact, it uses PACIFIC LANDSCAPE MANAGEMENT and PACIFIC LANDSCAPE MAINTENANCE as names and trademarks in regions where PLM–WA has long used its PACIFIC LANDSCAPE MANAGEMENT name and trademarks.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121(a); and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

9.  This Court has personal jurisdiction over PLM–OR because it registered the subject trademarks in Washington; under RCW § 19.77.090 it has an agent for service of process in Washington; it transacted and continues to transact business in Washington and this District; it infringed and continues to infringe PLM–Washington's trade name and trademarks in Washington and this District; and, in doing these things, it committed and continues to commit torts in Washington and this District.

10.  For these reasons, the Court has both general and specific jurisdiction over PLM–OR.

11.  Venue is proper in this District under 28 U.S.C. § 1391(b), (c), and (d) because PLM–OR may be found in this District; it is subject to the Court's personal jurisdiction in this District; and a substantial part of the events giving rise to PLM – WA's claims occurred in this District.

COMPLAINT  
CASE NO.  
Page 3  
Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

**FACTUAL ALLEGATIONS**

**PLM-OR invaded PLM-WA's Prior Trademark Rights**

12. PLM–WA formed as a Washington corporation on November 9, 1994.

13. Since then, PLM–WA has continuously used PACIFIC LANDSCAPE and PACIFIC LANDSCAPE MANAGEMENT as trademarks in word and logo forms in the Puget Sound Region and other Washington Counties in connection with all aspects of residential, estate, and commercial landscaping, including design, construction, management, maintenance, and related services (collectively, ***PLM–WA's Trademarks***).

14. Through PLM–WA's longstanding use, consumers in the PLM-WA's Region have become accustomed to associating PLM–WA's Trademarks with PLM–WA as a leading provider of landscaping services.

15. More than six years after PLM–WA began using its trademarks, PLM–OR formed as an Oregon limited liability company on February 23, 2001.

16. Thereafter, PLM–OR began using PACIFIC LANDSCAPE MANAGEMENT in word and logo forms in Oregon and Clark County Washington in connection with a wide variety of landscaping services. In 2022, it began using PACIFIC LANDSCAPE MANAGEMENT and PACIFIC LANDSCAPE MAINTENANCE in the Puget Sound Region. Together, PACIFIC LANDSCAPE MANAGEMENT and PACIFIC LANDSCAPE MAINTENANCE trademarks in word and logo forms are the ***PLM–OR's Trademarks***.

17. In 2022, PLM–OR began providing landscaping services to customers in King, Pierce, Snohomish, Kitsap, and Thurston Counties. Its website states:

> In 2022, we expanded to serve the Puget Sound region partnering with Earthworks Landscape Services and His Hands Lawncare which combined to form 4 Washington branches. We now have an experienced, trained, and motivated team of 500 serving over 2,000 properties in the Western Oregon and Washington region from Everett Washington to Corvalis Oregon.

**PLM-OR Knows PLM-WA Has Superior Trademark Rights**

18. For approximately 20 years, PLM–OR operated in Oregon and Clark County Washington, with full knowledge that PLM–WA had the prior – and, therefore, superior – right to use the PLM–WA Trademarks in Washington.

19. In the summer of 2022, PLM–OR approached PLM–WA about buying PLM–WA's business, including its Trademarks and all associated goodwill.

20. During such talks, PLM–WA provided PLM–OR with detailed information about PLM–WA's business, including when PLM–WA began using its name and trademarks in Washington.

21. PLM–OR did not acquire PLM–WA's business or Trademarks, but nonetheless began using PLM–WA's Trademarks in the Puget Sound Region without license or consent.

22. On September 30, 2022, PLM–WA sent a "cease and desist" letter to PLM–OR urging PLM–OR to stop using its name and trademarks for landscaping services in the Puget Sound Region because such use was likely to cause – and was actually causing – consumer confusion between the parties. PLM–WA explained how PLM–OR's Trademarks infringed PLM–WA's Trademarks in the Puget Sound Region and demanded that PLM–OR stop using its name and marks in this market.

23. PLM–OR's lawyer Nahal Nabavinejad responded on October 10, 2022. Her response did not dispute the dates or locations of PLM–WA's use. Instead, it merely contested the likelihood of confusion.

24. PLM-OR then feigned negotiations to resolve its trademark dispute while simultaneously submitting fraudulent trademark applications to USPTO and the Washington Secretary of State.

**PLM-OR's False Representations to the USPTO**

25. On October 22, 2022, while simulating negotiation, PLM–OR secretly applied to register PACIFIC LANDSCAPE MANAGEMENT in a stylized form as a

COMPLAINT  
CASE NO.

Page 5

Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

1  trademark (Serial No. 97626024) with the U.S. Patent and Trademark Office in
2  International Class 037 for "Snow removal services; Installation and repair of irrigation
3  devices"; and in International Class 044 for "Landscape design; Landscape gardening."
4  The mark reflected in its application is shown below.



8   26. In its application, PLM–OR told the USPTO that "To the best of [its]
9  knowledge and belief, no other persons, except, if applicable, concurrent users, have
10 the right to use the mark in commerce, either in the identical form or in such near
11 resemblance as to be likely, when used on or in connection with the goods/services of
12 such other persons, to cause confusion or mistake, or to deceive." It also stated that "To
13 the best of [its] knowledge, information, and belief, formed after an inquiry reasonable
14 under the circumstances, the allegations and other factual contentions made above
15 have evidentiary support."

16  27. These representations were false. PLM–OR knew these representations
17 were false at the time it made them. Through writings and detailed discussions with
18 PLM–WA, it knew PLM–WA had the prior – and, therefore, superior – right to use
19 PACIFIC LANDSCAPE MANAGEMENT in word and logo forms as trademarks in
20 commerce for landscaping and related services. PLM–OR also knew its use of its
21 PACIFIC LANDSCAPE MANAGEMENT logo for landscaping and related services
22 had actually caused and was likely to cause confusion or mistake, or to deceive.

23  28. PLM–OR's false statements were willful and made with the intent of
24 deceiving the USPTO and causing injury to PLM–WA.

25  29. PLM–OR acknowledged in its application that "willful false statements
26 and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001,
27 and that such willful false statements and the like may jeopardize the validity of the

COMPLAINT
CASE NO.
Page 6
Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

application or submission or any registration resulting therefrom, [and] declare[d] that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true."

30. PLM–OR's fraudulent application remains pending before the USPTO, which PLM–WA will oppose if the USPTO accepts the application and publishes the mark for third-party opposition.

**PLM-OR's First Fraudulent Washington Registration**

31. PLM–OR did not limit its fraud to the USPTO. On October 26, 2022, PLM-OR applied to register PACIFIC LANDSCAPE MANAGEMENT in stylized form as a trademark with the State of Washington in Class 37 – Building Construction & Repair; and in Class 44 – Medical, Beauty & Agriculture. It described its mark as:

> PACIFIC LANDSCAPE MANAGEMENT …
>
> The mark consists of the word pacific in a large font with a black line underneath of [*sic*] it.
>
> The words landscape and management are under the line.
>
> The words are all in capital orange letters that are outlined in black and against a white background

32. Similar to its USPTO application, PLM–OR attested that it "believes himself or herself to be the owner of the trademark and believes that no other person has the right to use such a trademark in connection with the same or similar goods or services in this state either in the identical form or in such near resemblance thereto as to be likely, when used on or in connection with the goods or services of such other person, to cause confusion or mistake or to deceive."

33. This representation was false. PLM–OR knew PLM–WA had the prior – and, therefore, superior – right to use PACIFIC LANDSCAPE MANAGEMENT as a trademark in Washington for landscaping and related services, such that PLM–OR's

COMPLAINT  
CASE NO.  
Page 7  
Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

1  use of its PACIFIC LANDSCAPE MANAGEMENT logo for landscaping and related
2  services was likely to cause confusion or mistake, or to deceive.
3      34.    PLM–OR further stated in its application in bold that "I hereby certify,
4  under penalty of law, that the above information is accurate and complies with the
5  filing requirements of state law" (*Attestation*), which its lawyer, Nahal Nabavinejad,
6  signed on its behalf.
7      35.    The false Attestation is shown below.

> **(9) STATEMENT ATTESTATION AND SIGNATURE OF OWNER OR AUTHORIZED REPRESENTATIVE:**
>
> The Trademark is presently in use in the State of Washington.
>
> The applicant believes himself or herself to be the owner of the trademark and believes that no other person has the right to use such a trademark in connection with the same or similar goods or services in this state either in the identical form or in such near resemblance thereto as to be likely, when used on or in connection with the goods or services of such other person, to cause confusion or mistake or to deceive.
>
> **I hereby certify, under penalty of law, that the above information is accurate and complies with the filing requirements of state law.**
>
> [signature]                      NAHAL NABAVINEJAD           10/17/2022
> Signature                        Printed Name/Title          Date

16     36.    On October 26, 2022, the State of Washington registered PLM–OR's
PACIFIC LANDSCAPE MANAGEMENT logo as a trademark (Reg. No. 1081962)
(***PLM–OR's PACIFIC LANDSCAPE MANGEMENT Logo Registration***).

**PLM-OR's Second Fraudulent Registration**

    37.    On November 10, 2022, PLM–OR applied to register PACIFIC
LANDSCAPE MANAGEMENT as a trademark with the State of Washington in Class
37 – Building Construction & Repair; and in Class 44 – Medical, Beauty & Agriculture.

    38.    As part of the application, Ms. Nabavinejad again signed the Attestation,
which PLM–OR and she knew was false.

    39.    On November 10, 2022, the State of Washington registered PACIFIC
LANDSCAPE MANAGEMENT as a trademark (Reg. No. 1081992) (***PLM–OR's
PACIFIC LANDSCAPE MANAGEMENT Registration***).

**PLM-OR's Third Fraudulent Registration**

40. On February 9, 2023, PLM–OR applied to register PACIFIC LANDSCAPE MAINTENANCE as a trademark with the State of Washington in Class 37 – Building Construction & Repair; and in Class 44 – Medical, Beauty & Agriculture.

41. As part of the application, Ms. Nabavinejad signed the Attestation, which PLM–OR and she knew to be false.

42. On February 9, 2023, the State of Washington registered PACIFIC LANDSCAPE MAINTENANCE as a trademark (Reg. No. 1082148) (***PLM–OR's PACIFIC LANDSCAPE MAINTENANCE Registration***).

**PLM-OR's Fourth Fraudulent Registration**

43. Also on February 9, 2023, PLM–OR applied to register PACIFIC LANDSCAPE MAINTENANCE in stylized form as a trademark with the State of Washington in Class 37 – Building Construction & Repair; and in Class 44 – Medical, Beauty & Agriculture. It described its mark as:

> The mark consists of the words PACIFIC LANDSCAPE MAINTENANCE
>
> Pacific is in a large font with a black line underneath of it.
>
> The words landscape and maintenance are under the line.
>
> The words are all in capital orange letters that are outlined in black and against a white background.

44. As part of the application, Ms. Nabavinejad signed the Attestation, which PLM–OR and she knew was false.

45. On February 9, 2023, the State of Washington registered PACIFIC LANDSCAPE MANAGEMENT as a trademark (Reg. No. 1082147) (***PLM–OR's PACIFIC LANDSCAPE MAINTENANCE Logo Registration***).

COMPLAINT
CASE NO.
Page 9
Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

**PLM-WA Tried to Resolve This Dispute Without Litigation**

46. On May 23, 2023, PLM–WA again wrote to PLM–OR. In doing so, it articulated PLM–WA's superior trademark rights in Washington and noted that PLM–OR had made false statements in its filings to both the USPTO and the State of Washington.

47. On May 31, 2023, PLM–OR responded. It did not deny its knowledge of PLM–WA's trademark rights in Washington. It merely stated that PLM–WA had not registered its mark with the USPTO or in the State of Washington, and falsely claimed that PLM–OR did not know when PLM–WA had started using its mark. PLM–OR also falsely claimed it had no duty to disclose PLM–WA's superior trademark rights in its applications, even though the plain text of those applications and law required it to do so.

48. PLM–OR's use of its name and trademarks has caused actual consumer confusion.

49. PLM–OR has taken no action to remedy its fraudulent applications and registrations.

50. PLM–OR continues to use PLM-WA's name and trademarks in Washington today.

## CLAIMS

### Claim One: Unfair Competition and False Designation of Origin
### (15 U.S.C. § 1125(a))

51. PLM–WA has valid and superior common law rights in PLM–WA's Trademarks in PLM–WA's Region including King, Pierce, Snohomish, Kittitas, Skagit, Island, Kitsap, Thurston, Whatcom, and Chelan Counties.

52. PLM–OR's advertising, promoting, and providing related and competing landscaping services in these Counties in connection with its name and trademarks in PLM–WA's Region is likely to cause confusion with PLM–WA's name

COMPLAINT
CASE NO.
Page 10
Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

and PLM–WA's Trademarks, or to cause mistake with same, or to deceive consumers into believing that some affiliation or connection exists between PLM–WA and PLM–OR, and constitutes a false designation of origin. Accordingly, PLM–OR's use of its name and trademarks infringes the superior common law rights that PLM–WA has in its name and trademarks in PLM–WA's Region including King, Pierce, Snohomish, Kittitas, Skagit, Island, Kitsap, Thurston, Whatcom, and Chelan Counties in violation of 15 U.S.C. § 1125(a).

53. PLM–WA will continue to be damaged by PLM–OR's intentionally wrongful acts unless the Court enjoins same. PLM–WA has no adequate remedy at law for PLM–OR's willfully continuing to violate its rights.

54. PLM–OR's intentional infringement of PLM–WA's name and trademarks also has damaged and will continue to damage PLM–WA in an amount to be established at trial, including but not limited to its actual damages and PLM–OR's wrongful profits, as well as its reasonable attorney's fees and costs.

### Claim Two: Trade Name Infringement

55. PLM–OR's using a trade name in PLM–WA's Region that is confusingly similar to PLM–WA's valid and enforceable trade name and PLM–WA's Trademarks in connection with advertising, promoting, and providing related and competing landscaping services is likely to deceive the consuming public and to confuse the two businesses in the public's mind. As such, PLM–OR infringes PLM–WA's trade name under the principles set forth in *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735 (1987), and its progeny.

56. PLM–WA is entitled to an injunction restraining PLM–OR's trade name infringement.

57. PLM–WA also is entitled to actual damages in an amount to be proven at trial.

COMPLAINT
CASE NO.
Page 11
Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

**Claim Three: Fraud on the Washington Secretary of State**

**(RCW §§ 19.77.080(3)(d) and .130)**

58. PLM–OR obtained its PACIFIC LANDSCAPE MANAGEMENT, PACIFIC LANDSCAPE MANAGEMENT Logo, PACIFIC LANDSCAPE MAINTENANCE, and PACIFIC LANDSCAPE MAINTENANCE Logo Registrations (collectively, its *Washington Registrations*) by fraud.

59. In each of its applications, PLM–OR's authorized representative signed the Attestation under penalty of perjury. The Attestation represented, in pertinent part, that "… no other person has the right to use [the subject trademarks] in connection with the same or similar goods or services in this state either in the identical form or in such near resemblance thereto as to be likely, when used on or in connection with the goods or services of such other person, to cause confusion or mistake or to deceive."

60. This representation was false. PLM–WA has priority of rights in PLM–WA's Trademarks in Washington; PLM–OR's Trademarks are identical or confusingly similar to PLM–WA's Trademarks; and the parties' trademarks are used to advertise, promote, and provide functionally identical landscaping services in overlapping geographic markets to functionally identical consumers through functionally identical channels of trade.

61. PLM–OR's misrepresentations that the opposite was true were regarding a material fact.

62. PLM–OR knew that its representations were false at the time it made them. Indeed, PLM–OR had just received a cease and desist letter reminding it that PLM–WA had priority of rights and PLM–OR was infringing; PLM–OR was attempting to acquire PLM–WA, including its trademarks; and PLM–OR had actual knowledge that its competing use caused a likelihood of confusion with PLM–WA's Trademarks.

COMPLAINT
CASE NO.

Page 12

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

63. PLM–OR intended for the Washington Secretary of State to rely on its false representations.

64. In issuing the Washington Registrations, the Washington Secretary of State reasonably relied on PLM–OR's misrepresentations.

65. The Washington Secretary of State's issuing the Washington Registrations to PLM–OR damaged PLM–WA. Not only was it likely to confuse the public as to which party owns the subject trademarks, it prevented PLM–WA from registering its trademarks with the State of Washington, and it caused PLM–WA to bring this action to correct the registry.

66. Under RCW 19.77.080(3)(d), PLM–WA is entitled to a determination that PLM–OR obtained its Washington Registrations by fraud and an order that the Secretary of State cancel them.

67. Under RCW 19.77.130, PLM–WA is entitled to an award of all damages sustained in consequence of PLM–OR's fraudulent registrations in an amount to be proven at trial, together with the costs of such action and PLM–WA's reasonable attorney's fees.

### Claim Four: Cancellation of Washington Registrations Based on Priority and Likelihood of Confusion

### (RCW§§ 19.77.020(e) and .080(3)(c))

68. PLM–OR's Trademarks are likely to cause confusion with PLM–WA's Trademarks in Washington.

69. PLM–WA has priority of rights in its valid and enforceable trademarks in Washington.

70. Therefore, under RCW §§ 19.77.020(e) and .080(3)(c), PLM–WA is entitled to a determination that PLM–OR wrongly obtained the Washington Registrations and an order that the Secretary of State cancel them.

COMPLAINT  
CASE NO.

Page 13

Ellis | Li | McKinstry  
1700 Seventh Avenue, Suite 1810  
Seattle, WA 98101-1820  
206.682.0565  Fax: 206.625.1052

**Claim Five: Violation of the Unfair Business Practices Act**

**(RCW 19.86)**

71. PLM–OR's fraud and using a trade name and trademarks that are confusingly similar to PLM–WA's valid and enforceable trade name and trademarks in connection with advertising, promoting, and providing related and competing landscaping services and otherwise carrying on business in Washington are unfair trade practices, which are damaging to the public interest in violation of the WA Consumer Protection/Unfair Business Practices Act, RCW §§ 19.86.010, *et seq*.

72. PLM–OR's fraud and using a trade name and trademarks that are confusingly similar to PLM–WA's trade name and trademarks in connection with advertising, promoting, and providing related and competing landscaping services, and otherwise carrying on business in Washington, are unfair trade practices that have the capacity to deceive a substantial portion of the Washington consuming public.

73. PLM–OR's fraud and using a trade name and trademarks that are confusingly similar to PLM–WA's trade name and trademarks in Washington are in the course of conducting business in Washington. PLM–OR's deceptive acts and practices harm PLM–WA, infringe PLM–WA's trade name and trademarks, and injure the public interest.

74. PLM–OR's deceptive acts and practices, including its fraud and infringement of PLM–WA's trade name and trademarks, also injure PLM–WA's business, including the loss of recognition and goodwill.

75. PLM–WA is entitled to an injunction restraining PLM–OR's deceptive acts and practices.

76. PLM–WA also is entitled to actual damages in an amount to be proven at trial, exemplary damages, and an award of its reasonable attorney's fees and costs.

COMPLAINT
CASE NO.

Page 14

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

**JURY DEMAND**

PLM-WA respectively demands a trial by jury on all claims stated herein.

**PRAYER FOR RELIEF**

PLM-WA respectfully requests judgment against PLM-OR as follows:

1. For temporary, preliminary, and permanent injunctions restraining and enjoining PLM-OR, and all others in active concert or participation with them, from:

   a. Maintaining "Pacific Landscape," "Pacific Landscape Management," "Pacific Landscape Maintenance," and "Pacific Landscape M\_\_\_\_" (the words "Pacific Landscape" preceding a third word that begins with the letter "M") as a company name, "dba" name, or trade name in Washington;

   b. Advertising promoting, offering for sale, and selling landscaping or related services with "PACIFIC LANDSCAPE," "PACIFIC LANDSCAPE MANAGEMENT," "PACIFIC LANDSCAPE MAINTENANCE," and "PACIFIC LANDSCAPE M\_\_\_\_" (the words "PACIFIC LANDSCAPE" preceding a third word that begins with the letter "M") as a trademark in word or logo forms, or any other name, design, or trademark that is likely to cause confusion with PLM–WA's name and trademarks in PLM–WA's Region including King, Pierce, Snohomish, Kittitas, Skagit, Island, Kitsap, Thurston, Whatcom, and Chelan Counties, and from committing any other unfair business practice directed towards obtaining for itself PLM–WA's business, customers, or reputation (including but not limited to on PLM–OR's social media accounts and its website currently located at *https://www.pacscape.com/*); and

   c. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above;

COMPLAINT
CASE NO.

Page 15

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052

2. That the Court enter an Order directing PLM–OR to file with this Court and serve on PLM–WA's attorneys within thirty days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which PLM–OR has complied with the injunction;

3. That the Court order the Washington Secretary of State is to cancel PLM–OR's PACIFIC LANDSCAPE MANAGEMENT, PACIFIC LANDSCAPE MANAGEMENT Logo, PACIFIC LANDSCAPE MAINTENANCE, and PACIFIC LANDSCAPE MAINTENANCE Logo Registrations;

4. That the Court award PLM–WA judgment against PLM–OR for its actual damages, including damages sustained in consequence of PLM–OR's fraudulent registrations, infringer's profits, and exemplary damages in an amount to be determined at trial;

5. That the Court award PLM–WA its reasonable attorney's fees and costs; and

6. That the Court award any such other relief as it deems just and proper.

DATED this July 6, 2023

ELLIS, LI & McKINSTRY PLLC

By: _s/Kyle D. Netterfield_
Kyle D. Netterfield, WSBA No. 27101
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
Telephone: (206) 682-0565
Fax: (206) 625-1052
Email: knetterfield@elmlaw.com

*Attorneys for Plaintiff Pacific Landscape Management, Inc.*

COMPLAINT
CASE NO.                                    Page 16

Ellis | Li | McKinstry
1700 Seventh Avenue, Suite 1810
Seattle, WA 98101-1820
206.682.0565  Fax: 206.625.1052