UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC LANDSCAPE MANAGEMENT, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC LANDSCAPE MANAGEMENT, LLC, an Oregon limited liability company,<br><br>Defendant. | CASE NO. 2:23-cv-01005-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Compel and Defendant's Motion to Compel. Dkt. ## 67, 69. The Court has reviewed the materials filed in support of and in opposition to the motions, the rest of the file, and the governing law. For the reasons discussed below, the Court DENIES Defendant's motion and GRANTS in part and DENIES in part Plaintiff's motion.

ORDER - 1

## II

## DISCUSSION

A.  Legal Standards

Rule 26 permits discovery into "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Information need not be admissible into evidence to be discoverable. *Id.* In this context, relevance "is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). And district courts "have broad discretion in determining relevancy for discovery purposes." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party that seeks discovery bears the burden of establishing that it requests relevant information. Fed. R. Civ. P. 26(b)(1). Whereas the party resisting discovery must show "discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *New Flyer Indus. Canada ULC v. Rugby Aviation, LLC*, 2019 WL 2491901, at *3 (W.D. Wash. June 14, 2019) (quoting *Brown v. Warner*, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015)).

B.  Defendant's Motion to Compel[1]

1.  Interrogatory No. 5

Defendant's Interrogatory No. 5 asks Plaintiff to "[s]tate with particularity all facts upon which you base your allegations in Paragraph 18 of the Complaint." Dkt. # 68-2 at 22.

---

[1] Defendant also initially sought to compel documents responsive to Requests for Production (RFPs) Nos. 7, 8, 19A, and 20A, but later withdrew these requests. Dkt. ## 67 at , 76 at 5-6.

Paragraph 18 of the Complaint alleges, "For approximately 20 years, [Defendant] operated in Oregon and Clark County Washington, with full knowledge that [Plaintiff] had the prior – and, therefore, superior – right to use [Plaintiff's] Trademarks in Washington." Dkt. # 1 at 5. Plaintiff answered this interrogatory by describing a cease-and-desist letter sent to Defendant that detailed the basis of its "superior trademark rights." Dkt. # 68-2 at 23. Plaintiff also said the parties entered negotiations, "which culminated in an agreement where the parties agreed Defendant could operate in the Vancouver, Washington area under the name Pacific Landscape Management, but would not compete beyond that region." *Id.*

Defendant argues this answer is false and must be supplemented under Rule 26(e)(1) because it contradicts Plaintiff's position that Plaintiff does not have trademark rights in southwest Washington. Dkt. # 67 at 7. Defendant also says this response "would give the jury the false and mistaken belief that Plaintiff has 'superior trademark rights' in Southwest Washington even though Plaintiff has explicitly rejected that position for the purpose of salvaging its trademark infringement claims." *Id.* at 7. Plaintiff counters that it has clarified its common law trademark and trade name rights are limited to the Puget Sound region. Dkt. # 72 at 3, 8. But the answer does not mention the scope of Plaintiff's rights under Washington or federal law. *Id.* at 3. And Plaintiff adds that its response never included the qualifier "in southwest Washington." *Id.* So, according to Plaintiff, any contradiction is "entirely fabricated." *Id.*

Under Rule 26(e)(1), a party must supplement its discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1) (emphasis added). Defendant does not address the second part of this rule. In fact, Defendant

ORDER - 3

points to Plaintiff's written materials to argue the response to this Interrogatory is contradictory. Dkt. # 67 at 7.  Thus, Rule 26(e)(1) does not apply because the additional information at issue has already been made known to Defendant in writing.  Defendant does not identify any other rule that would require Plaintiff to provide more information in response to this Interrogatory.  So the Court will not compel Plaintiff to supplement its response to Interrogatory No. 5.

       2.       Interrogatory No. 6

Defendant's Interrogatory No. 6 asks Plaintiff to "describe in detail each and every incident of confusion that has occurred to consumers as a result of [Defendant's] use of its name and how you are sure it does not involve a different company operating with the terms or any variation of 'Pacific' and 'landscape.'" Dkt. # 68-2 at 23.  Plaintiff's initial answer provided Defendant with 15 instances "where clients, vendors, providers, and other entities were confused by Defendant's misconduct." *Id.*  Because "[n]ew instances of confusion continue to occur each week," Plaintiff has supplemented its initial answer twice and has now provided Defendant with 188 instances of confusion. *Id.* at 23–48; Dkt. # 72 at 4.

Defendant argues that Plaintiff's response is incomplete because it fails to address the basis for Plaintiff's knowledge that each of these instances of confusion is attributable to Defendant.  Dkt. # 67 at 8.  Defendant further contends that it needs this information because "there are so many companies operating in the Puget Sound area with names that include the terms 'Pacific' and some form of 'Landscape.'" Dkt. # 67 at 8.  But Plaintiff says that is has produced records concurrent with its responses, and these records speak for themselves. Dkt. # 72 at 9.

Plaintiff has provided records showing the instances of confusion.  Dkt. # 68-2 at 23–48.  A review of the response also shows that, for almost all these instances, Plaintiff has explicitly connected the confused party to Defendant. *Id.*  To require Plaintiff to then explain how it is sure

ORDER - 4

the confusion did not arise from some other, third similarly named company would seek duplicative information, be disproportionate to the needs of the case, and be unlikely to lead to the discovery of admissible evidence.  Defendant says it needs this information because "there are *so many* companies operating in the Puget Sound area with names that include the terms 'Pacific' and some form of 'Landscape.'"  Dkt. # 67 at 8 (emphasis added).  But the records provided by Defendant show there are only two other companies in Washington State with these terms included in its name, Pacific Landscape Maintenance Inc. and Pacific Northwest Landscape Construction & Maintenance LLC.[2]  Dkt. # 53-1.  Of these, only Pacific Northwest Landscape Construction & Maintenance LLC has its principal office address in the Puget Sound area.  *Id.* at 3, 5. Thus, the Court denies Defendant's request.

C.  Plaintiff's Motion to Compel[3]

    1.  Interrogatory No. 15 and RFP No. 21

Plaintiff's Interrogatory No. 15 asks Defendant to "describe in detail the promotion, marketing, and advertising" of its services in the Puget Sound region.  Dkt. # 70-2 at 24.  RFP No. 21 seeks all records related to Interrogatory No. 15.  *Id.* at 25.

One of Defendant's employees, Thomas DiMeco, testified that Defendant does not conduct "promotion, marketing, and advertising" activities.  *Id.* at 5.  He said that, instead, Defendant generates business proposals, lunch and learn presentations, and other tangible items to "educate" prospective clients about Defendant's business.  *Id.*  For this reason, Defendant argues that it is entitled withhold these materials.  Dkt. # 74 at 3–7.  In support of this argument,

---

[2] Defendant identifies one other company, Pacific Landscaping & Maintenance LLC, but this entity has been "administratively dissolved."  Dkt. # 53-1 at 4.

[3] Plaintiff also initially sought to compel the production of documents responsive to Interrogatory Nos. 20 and 21 and RFP Nos. 25 and 26, but later withdrew these requests.  Dkt. ## 69 at 8, 77 at 6.

ORDER - 5

Defendant says that these materials do not fall within the Ninth Circuit's definition of "advertising" or "promotion" under the Lanham Act. *Id.* at 4.

A responding party must apply reason and common sense to assign ordinary meaning to the terms and phrases used in discovery requests. *See, e.g.*, *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618 (D. Colo. 2007) ("Defendants had an obligation to construe Plaintiff's discovery requests in a reasonable manner."); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996) ("Respondents should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."). The materials at issue fall within the scope of Plaintiff's discovery requests. Defendant cannot simply shoehorn the Ninth Circuit's definition of "advertising" and "promotion" under the Lanham Act into Plaintiff's discovery requests to avoid its discovery obligations. And, even so, the Lanham Act uses different language than Plaintiff's discovery requests. *See* 15 U.S.C. § 1125(a)(1)(B) (using "commercial advertising or promotion" rather than "promotion, marketing, and advertising"). Defendant similarly cannot say these materials are "educational" when, as it describes them, they are intended to promote, sell, and distribute its services. Dkt. # 74 at 3–7; *see* Merriam-Webster's Dictionary (11th ed. 2025), https://www.merriam-webster.com/dictionary/marketing (defining "marketing " as "the process or technique of promoting, selling, and distributing a product or service"). In addition, it is the essence of discovery that the requesting party does not know all the information that is within the responding party's control. So the fact Plaintiff did not specifically request the business proposals, lunch and learn presentations, and other tangible items does not relieve Defendant of its obligations to produce these materials either.

Accordingly, Defendant must supplement its responses to Interrogatory No. 15 and RFP No. 21. Defendant maintains it has produced representative samples of the business proposals

ORDER - 6

and all the lunch and learn presentations it was able to locate after a reasonable search, so, to the extent Defendant has produced materials consistent with this opinion and RFP No. 21, no reproduction of these materials is necessary. *See* Dkt. # 74 at 4–6. The parties should also find a mutually agreeable date to inspect the other tangible items that are not readily susceptible to copying, or Defendant can produce these items to Plaintiff in digital form. *See id.* at 7 (Defendant "remains willing to make those [tangible] materials available for inspection at any mutually agreeable date."); Dkt. # 77 at 5 (suggesting these items can be produced digitally).

2.  Interrogatory No. 18 and RFP No. 28

Plaintiff's Interrogatory No. 18 asks Defendant to:

> Identify with particularity every instance You know of in which there was actual confusion between PLM-OR's Mark and PLM-WA's Mark, including all facts relating to each such incident, including an identification of all persons and documents involved. This includes without limitation all instances of customer or vendor misdirected phone calls, letters, payments, invoices, documents, employee or customer information, or emails.

Dkt. # 70-2 at 27. RFP No. 28 seeks "all Records evidencing or reflecting the factual basis, if any, for denying the allegations contained in Paragraph 48 of [Plaintiff]'s Complaint, which states: '[Defendant]'s use of its name and trademarks has caused actual customer confusion.'"

Defendant initially responded by saying it "is not aware of any instances of customer confusion between [Defendant] and [Plaintiff]'s Marks." Dkt. # 70-2 at 27. Defendant's employee testified that there is not "confusion"; instead, third parties just make "some mistakes." Dkt. # 69 at 7. Defendant later added that "actual confusion" is a legal term of art, so Plaintiff "is asking the Court to order [Defendant] to admit, under oath and against its will, that simple mistakes constitute trademark-relevant 'actual confusion.'" Dkt. # 74 at 8. In response, Plaintiff says this answer is inadequate because it did not define "actual confusion" as a legal term of art in its discovery requests. Dkt. # 69 at 7. And Plaintiff suggests it is improbable Defendant has

ORDER - 7

not encountered any customer confusion, since it has recorded around 180 such instances. *Id.* at 6.

Defendant's arguments miss the mark. Although "actual confusion" can be used as a legal term of art, Plaintiff did not define these words in this way in its discovery requests. Dkt. # 70-2 at 27. Again, Defendant cannot avoid its discovery obligations by applying a legal definition to a term when the discovery request did not define the term in that way. *See* Section II.C.1, *supra*. What is more, although Defendant's employee says, "there have been some mistakes made by vendors" and he "would not characterize it as confusion," he later concedes this is, in fact, confusion:

> Q. What other categories of mistakes are you referring to?
> A. I would say that from time to time there are instances where transactions that are being made by our employees get identified as transactions on other vendors, not just [Plaintiff], but others. It happens. There's confusion.

Dkt. # 70-3 at 12 (224:6–12). So Defendant cannot now say it is "not aware of any instance of customer confusion between [Defendant] and [Plaintiff]'s Marks." Dkt. # 70-2 at 27.

Defendant must supplement its responses to Interrogatory No. 18 and RFP No. 28.

3.  Attorneys' Eyes-Only Designation

The parties have entered a stipulated protective order to protect certain confidential materials produced in discovery. Dkt. # 31. Under this order, six types of records can be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." *Id.* at 2–3. Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" cannot be disclosed to "the officers, directors, and employees (including in house counsel) of the receiving party[.]" *Id.* at 4.

Plaintiff contends Defendant has overused this designation. Dkt. # 69 at 12. And Plaintiff says it is imperative that Defendant produces un-designated versions of documents

bearing this designation so that Plaintiff can use them at trial. *Id.* But Defendant argues Plaintiff has raised this issue only as to deposition exhibits. Dkt. # 74 at 11. And Defendant says it "has no way of knowing exactly what documents Plaintiff intends to use at trial or for what purpose." *Id.*

Plaintiff has not provided the Court any of the documents it maintains are improperly labeled HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Without understanding the contents of these materials, the Court cannot conclude they have been improperly designated. Likewise, the protective order says, "Any use of Protected Material at trial shall be governed by a separate agreement or order." Dkt. # 31 at 3. Thus, Plaintiff's concern about the use of these materials at trial is speculative.

4.     Reopen Rule 30(b)(6) Deposition

The Court "must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). But "[r]epeated depositions are generally disfavored, and the party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." *PUMA SE v. Brooks Sports, Inc.*, 2024 WL 4476767, at *6 (W.D. Wash. Oct. 11, 2024) (internal citations and quotation marks omitted).

Plaintiff's motion makes the conclusory statement, "Upon completing all production required under this order, Defendant must make Mr. Demico available at Defendant's expense for Plaintiff to continue and complete the Defendant's deposition under FRCP 30(b)(6)." Dkt. # 69 at 13. But the motion offers no citations to the record or case authority to support this statement, nor does it argue there is good cause to conduct another deposition. *See generally* Dkt. # 69. In fact, the motion does not mention the need to conduct another deposition of Mr.

ORDER - 9

Demico outside this single sentence. *Id.* Thus, this argument is waived because "[a]rguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (citing *United States v. Williamson,* 439 F.3d 1125, 1138 (9th Cir. 2006)).

### III

#### Conclusion

As a result, the Court DENIES Defendant's motion. Dkt. # 67. The Court GRANTS in part and DENIES in part Plaintiff's motion. Dkt. # 69. Defendant must supplement its discovery responses in accordance with this order within 14 days of its entry.

Dated this 9th day of July, 2025.

John H. Chun
United States District Judge